[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that the he received three (3) unwarranted disciplinary reports for which sanctions were given. He testified that on September 28, 1995 he received a television set from an inmate who was being discharged which was given to him as a gift. Lt. Rodriguez that day reported to him that the television set was reported stolen and placed him in segregation pending investigation. He did not know the name of the inmate who gave him the set either then nor now. He pleaded not guilty and after hearing he was found guilty and given sanctions of 15 days confined to quarters and 30 days forfeiture of earned good time. His main complaint was that the officer who signed the ticket, Officer Oates, he claimed was not working on September 28, 1995, the date of the incident.
He further testified that on September 30, 1996 while working on the third shift cleaning corridors under the supervision of Captain Nadeau that he went to get a buffing machine and received a disciplinary report from Officer Pelkey for being out of place. He believed it originated because of differences Officer Pelkey had with Officer Coleman. He was unable to speak to Captain Nadeau about it and pled guilty and received 15 days confined to quarters but lost his job.
On December 13, 1996 he was issued a ticket by Lt. Circosta for "sexual misconduct" for kissing Cadet Vale, a male rookie, on the cheek. He pled guilty to this violation and received sanctions of 15 days segregation, 15 days confined to quarters and 45 days loss of earned good time and was raised to a level 4 (four) and transferred to another facility. He stated the reason for his conduct was that he was "put up to it."
The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456. Likewise the sanctions given for the violations appear to be commensurate to the CT Page 4526 breaches of regulations.
For the above reasons the petition is denied.
Corrigan, STR